**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Weihua Zhang, | Case No. 26-cv-6734 |
| Plaintiff, | |
| v. | |
| The Defendants Identified on Schedule A, | |
| Defendant. | |

## **COMPLAINT**

1. Plaintiff Weihua Zhang ("Plaintiff") hereby brings the present action against the Defendants identified on Schedule A attached hereto ("Defendants"). Plaintiff files this action against Defendant for the alleged infringement upon Plaintiff's registered patent No. D1,019,506 S ("Asserted Patent") by having manufactured, importing, offering for sale, and selling products that copied the design of the Asserted Patent ("Infringing Products") through online commerce platforms, in direct competition with the product sold by Plaintiff without authorization. In support of its claims, Plaintiff alleges as follows:

### I.   JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a)-(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(b): Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants solicit business and conduct and transact business in this judicial district. The evidence of Defendants conducting business and making sales in Illinois is attached as Exhibit 2.

1

4. This Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, through the fully interactive e-commerce store operating under the seller alias identified on Schedule A attached hereto (the "Alias").

## II. THE PARTIES

5. Plaintiff Weihua Zhang is an individual reside in the People's Republic of China that has business online, namely, a storefront on Amazon engaging e-commerce activities.

6. Defendants are individuals, partnerships, unincorporated associations, and/or business entities of unknown makeup, each of whom, upon information and belief, reside or operate in foreign jurisdictions and manufacture, distribute, import, offer for sale, and/or sell products, including Defendants' Products, from the same or similar sources in those foreign locations. As stated above, Defendants and any known aliases are identified in Schedule A attached. Plaintiff is still trying to investigate the aliases of Defendants and may amend Schedule A accordingly.

7. On information and belief, defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure Rule 17(b). Certain Aliases under which Defendants operate their e-commerce stores are not linked or associated to the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to conceal their identities and true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding the Defendants' true identities.

### III.    GENERAL FACTS

8.      Plaintiff is the owner of the Asserted Patent with No. D1,019,506 S, titled FUEL TANK CAP. It was filed on Oct 28, 2022 and issued on Mar 26, 2024, and is valid and enforceable. A true and correct copy of the patent is attached hereto as Exhibit 1. Declaration of Weihua Zhang ("Zhang Decl."), ¶ 2.

9.      The Asserted Patent is a fuel tank cap launched by Plaintiff's company's R&D and design team in 2019 with significant cost. It was the main product of the firm. Zhang Decl., ¶ 3-4.

10.     Recently, Plaintiff has discovered that Defendants were promoting, advertising, marketing, distributing, offering for sale, and selling infringing products with design of the Asserted Patent. It disrupted Plaintiff's original plan for expansion and caused considerable loss. Zhang Decl., ¶ 5-6.

11.     Wishing to stop the infringing activities, resume ordinary business, and get adequate remedy, Plaintiff is forced to file this lawsuit. Zhang Decl., ¶ 7.

### IV.    DEFENDANTS' UNLAWFUL CONDUCTS

12.     Defendant's infringement of the Asserted Patent is irreparably harming Plaintiff. Defendants' Patent Infringement includes (1) direct infringement, (2) indirect infringement, and/or (3) offers to sell infringing products. Plaintiff has not granted any license or otherwise authorized any Defendant in this action to manufacture, distribute, import, offer for sale, and/or sell Defendants' Products.

13.     Defendants' Products are (1) substantially identical to each other and the same as the design of the Asserted Patent; and (2) substantially identical to Plaintiff's product such that consumers are likely to be confused.

14. Defendants are proper joinders of the action at this preliminary pre-discovery stage. Under Rule 20 of Federal Rules of Civil Procedure, multiple parties may be joined in one action as defendants if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.

15. Joinder in patent cases is governed by 35 U.S.C. § 299, which allows joinder if: (1) relief relates to the offering for sale or selling of the same accused product or process; and (2) questions of fact common to all defendants will arise in the action. See 35 U.S.C. § 299(a).

16. "[D]eciding whether a product is the 'same' for purposes of joinder under § 299 entails applying a less exacting standard than simply looking to whether a defendant's product is literally identical to the product it allegedly copies." *In re Apple Inc.*, 650 F. App'x 771, 774 (Fed. Cir. 2015). Here, this is not a case where joinder is sought based solely on allegations that each defendant has infringed the same patent. Instead, the accused products look substantially the same as Plaintiff's product, from the online advertisements to the product itself. This illustrates that the Defendants (and the accused products) have been properly joined under 35 U.S.C. § 299(a).

17. Defendants are not licensees to the Asserted Patent, pay no royalties on sale of Defendants' Products, and cause price erosion through the sale of Defendants' Products to Plaintiff's detriment.

18. Defendants, through their patent infringement, are directly and unfairly competing with Plaintiff's economic interest and causing harm.

19. Defendants are acting knowingly and intentionally or at least with reckless disregard or willful blindness to Plaintiff's rights in the Asserted Patent.

## COUNT I

### Infringement of the Asserted Patent 35 U.S.C. § 271

20.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

21.     Plaintiff is the owner of the Patent. Plaintiff's exclusive rights include the rights to issue licenses, to produce relative products, and to earn profits based on the Asserted Patent.

22.     Defendants have infringed Plaintiff's Asserted Patent by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products in the United States without authorization or license from Plaintiffs.

23.     Defendants have profited by their infringement of the Asserted Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement. Defendants' conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

24.     Defendants have infringed the Asserted Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

25.     Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, which in no event less than a reasonable royalty for Defendants' infringement of the Asserted Patent, together with interest and costs. *See* 35 U.S.C. § 284.

26.     Pursuant to 35 U.S.C. §289, Plaintiff also seeks the remedy to the extent of Defendants' total profit from the Infringing Products for infringing Plaintiff's design patent.

27. Defendants' direct and indirect infringement of the Asserted Patent has injured Plaintiff and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, importation, offer for sale, and sale of Defendants' Products in the United States.

28. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Patent Act, including damages that Plaintiff has sustained as a result of Defendants' unlawful actions as alleged herein, enhanced discretionary damages, and reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not expressly authorized by Plaintiff and that include any reproduction, copy or imitation of the design claimed in the Asserted Patent;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Asserted Patent; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction,

6

including any online marketplace platforms (the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe the Asserted Patent;

(3) That Plaintiff be awarded such damages proven at trial against Defendant.

(4) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

(5) Award any and all other relief that this Court deems just and proper.

Dated June 8, 2026.

Respectfully submitted
By: /s/ *Yifeng Hao*
Bar No. 63832
Phone: 909-284-1929
2108 N ST STE #8330
Sacramento, CA 95816
Terence.hao@aliothlaw.com
*Attorney for Plaintiff*